### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| GLENN J. HOPKINS and CINDY S. HOPKINS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 06-1260 ) |
| RMS, INC., d/b/a VILLA ROSE APARTMENTS, n/k/a MACARTHUR PARK APARTMENTS, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court is Plaintiffs' Motion for Default Judgment (d/e 9). This Court entered default in Plaintiffs' favor on June 22, 2006. Entry of Default (d/e 8). Plaintiffs then filed the instant Motion for Default Judgment. The matter was referred to this Court by the District Judge, pursuant to Local Rule 72.1, for an evidentiary hearing to establish the amount of damages to which Plaintiffs are entitled and the preparation of a corresponding Report and Recommendation. Text Order, October 23, 2006. As set forth below, the Court recommends that default judgment be entered in favor of Plaintiffs, against Defendant, and that Plaintiffs be

awarded pecuniary damages in the amount of $6,179.00 and compensatory, non-pecuniary damages for emotional distress in the amount of $3,000.00.

Plaintiffs' three-count Complaint (d/e 1), alleges that Defendant violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3), (Count 1) and the Illinois consumer Fraud and Unfair and Deceptive Business Practices Act, 815 ILCS 505/2, (Count 2).  The Complaint further alleges that Defendant conspired to violate Plaintiffs' civil rights (Count 3).  Each count seeks damages in excess of $50,000.00 and injunctive relief.  Each of the three counts are pled in the alternative and allege the same basic facts.

This Court entered default in Plaintiffs' favor on June 22, 2006. Plaintiffs represent that they served Defendant's registered agent with a copy of the pending Motion for Default Judgment by U.S. Mail on July 5, 2006.  <u>Motion for Default Judgment, Certificate of Service</u>.  Nevertheless, Defendant has failed to appear in this action.  Therefore, the Court recommends that default judgment be entered.

Federal Rule of Civil Procedure 55(b)(2) grants the Court discretion to "conduct such hearings or order such references as it deems necessary and proper."  An evidentiary hearing on the issue of damages was held

November 28, 2006.[1]  Plaintiffs Glenn and Cindy Hopkins were present in person and with their attorney William Shaffer.  No one appeared on behalf of the Defendant.  Plaintiffs' counsel called three witnesses, Glenn and Cindy Hopkins and their daughter, Serina Hopkins.  Plaintiffs also provided the Court with a Bill of Particulars and Addendum at the hearing.  Both of these documents were admitted into evidence as tendered.

As an initial matter, the Court notes that Plaintiffs conceded at the hearing that the three counts of the Complaint were based on the same set of facts and, therefore, one damage award was appropriate.  Additionally, Plaintiffs conceded that they were not seeking an award of statutory damages.  With this in mind, the Court turns to the evidence presented.

Plaintiffs seek pecuniary damages as set forth in the Bill of Particulars and Addendum.  The Bill of Particulars contains an itemized list of moving expenses and losses incurred by Plaintiffs in vacating their apartment at MacArthur Park.  Based on the testimony presented, none of these expenses or losses would have occurred absent Defendant's violations as alleged in the Complaint.  Plaintiffs seek damages for moving expenses as set forth in Subsection A of the Bill of Particulars.  While

---

[1] **This Report and Recommendation is prepared without the benefit of a transcript.**

Plaintiffs claim a subtotal of $3,265.00 for Subsection A, the Court notes that the actual total of the expenses claimed in Subsection A is $3,370.00. The testimony supports the individual amounts claimed, and thus, the Court recommends they be awarded for a total expense award of $3,370.00. Plaintiffs also seek damages for property losses totaling $1,234.00. Again, the testimony supports the amounts claimed, and the Court recommends that $1,234.00 for property losses be awarded.

Plaintiffs also ask the Court to award damages for the rent differential for nine months as detailed in the Addendum. The evidence presented revealed that Plaintiffs' rent at MacArthur Park was $475.00 per month while the rent at their new home is $700.00 per month. Plaintiffs seek an award of $2,240.00 to compensate them for this increase in rent. The Court believes that Plaintiffs are entitled to recover a rent differential; however, the Court notes two problems with the $2,240.00 claimed amount. First, the Addendum contains a mathematical error. The difference between $6,300.00 and $4,275.00 is $2,025.00, not $2,240.00. Furthermore, as set forth above, the Court recommends that Plaintiffs be awarded their entire $700.00 monthly rent for February and March 2006 as moving expenses as claimed in the Bill of Particulars. If this

recommendation is accepted, an award of a rent differential for February and March 2006 would result in a double recovery by Plaintiffs. Therefore, this Court recommends an award of rent differential for seven months. Given the monthly increase of $225.00, this would result in a rent differential award of $1,575.00.

Furthermore, considering the testimony presented at the hearing, the Court believes that Plaintiffs are each entitled to an award of compensatory, non-pecuniary damages for emotional distress in the amount of $1,500.00, for a total recommended award of $3,000.00 in compensatory damages. "[E]motional distress caused by housing discrimination is a compensable injury under the Fair Housing Act." United States v. Balistrieri, 981 F.2d 916, 931 (7th Cir. 1992). "However, a court may not presume emotional distress from the fact of discrimination. A plaintiff must actually prove that he suffers from emotional distress and that the discrimination caused that distress." Id. The Court notes that Plaintiffs presented very little evidence of emotional distress. Glenn Hopkins testified that the Defendant's actions caused him distress. Serina Hopkins testified that the Defendant's actions aggravated her mother's serious health conditions.

The testimony presented supports a causal connection between Defendant's actions and Plaintiffs' emotional distress. "[I]n determining whether the evidence of emotional distress is sufficient to support an award of damages, [the Court] must look at both the direct evidence of emotional distress and the circumstances of the act that allegedly caused that distress." Balistrieri, 981 F.2d at 932. Considering both of these factors in the present case, the Court believes that each Plaintiffs should be awarded compensatory damages for emotional distress in the amount of $1,500.00. The Seventh Circuit has generally upheld emotional distress awards in housing discrimination cases, even absent a detailed description of the distress. Id. In the instant case, Plaintiffs were actually deprived of housing, the apartment in which they had been living for four years, based on Defendant's actions. At the time of the discrimination, Cindy Hopkins was suffering from serious health problems and Glenn Hopkins was disabled. Both Plaintiffs were forced to rely on others to help them move because, according to Serina, Glenn could not lift anything and Cindy could not do anything. Given these circumstances, a modest compensatory award is appropriate.

The draft default judgment order tendered by Plaintiffs requests attorney's fees in the amount of $1,500.00 and costs in the amount of $300.00. The Court directs Plaintiffs' attention to Local Rule 54.1(a) concerning these monetary requests. The Court notes, however, that, to date, no evidence or affidavits have been presented regarding attorney's fees.

Plaintiffs' Complaint also seeks injunctive relief. The Court notes that there was no mention of injunctive relief at the evidentiary hearing or in Plaintiffs' Motion for Default Judgment or draft default judgment order. While the entry of default judgment is sufficient to establish that Defendant violated the Fair Housing Act, in cases where liability is established by default, an evidentiary hearing may be required to establish what type of relief is necessary. United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989). Therefore, the Court should consider whether an injunction is necessary, and if so, what that decree should provide. The Supreme Court has instructed, "The purpose of an injunction is to prevent future violations, and, of course, it can be utilized even without a showing of past wrongs. But the moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of

recurrent violation . . . ." United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953). Unlike a case in which a pattern or practice of discrimination has been established in the liability phase, in the instant case, the record is devoid of evidence to support a finding that a danger of recurrent violation exists. See DiMucci, 879 F.2d at 1498. Therefore, injunctive relief is unwarranted.

For the reasons set forth above, I recommend that default judgment be entered in favor of Plaintiffs, against Defendant, and that Plaintiffs be awarded pecuniary damages in the amount of $6,179.00, compensatory non-pecuniary damages for emotional distress in the amount of $3,000.00, and deny injunctive relief.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

IT IS THEREFORE SO ORDERED.

ENTER:   December 4, 2006.

    FOR THE COURT:

          s/ Byron G. Cudmore
          _____
          BYRON G. CUDMORE
          UNITED STATE MAGISTRATE JUDGE