E-FILED
Thursday, 18 January, 2007  11:46:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN J. HOPKINS and CINDY S. HOPKINS, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 06-1260 |
| RMS, INC., d/b/a VILLA ROSE APARTMENTS, n/k/a MACARTHUR PARK APARTMENTS, ) ) ) ) | |
| Defendant. ) | |

## O R D E R

On December 4, 2006, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that default judgment be entered in favor of Plaintiffs and against Defendant and that Plaintiffs be awarded pecuniary damages in the amount of $6,179.00 and compensatory, non-pecuniary damages for emotional distress in the amount of $3,000.00. Plaintiffs filed a timely response to the Report & Recommendation, and this Order follows.

### BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out circumstances surrounding the Plaintiffs' having to vacate their apartment at MacArthur Park allegedly in violation of the Fair Housing Act, 42 U.S.C. § 1983, and the Consumer Fraud and Unfair and Deceptive Business Practices Act. Defendant was found to be in default on June 22, 2006.

The Magistrate Judge held an evidentiary hearing to establish the amount of damages to which Plaintiffs are entitled. Plaintiffs submitted an itemized list of moving expenses and losses that they suffered in their move, and the Magistrate Judge found that none of these expenses or losses would have occurred absent Defendant's conduct as alleged in the Complaint. After examining the evidence and hearing testimony, the Magistrate Judge recommended that Plaintiffs receive an award of $6,179.00 in pecuniary damages, as well as an award of $3,000.00 for compensatory, non-pecuniary damages for emotional stress. There has been no objection to this portion of the recommendation, and it is therefore adopted.

Plaintiffs' disagreement appears to be with respect to an award of statutory damages. Plaintiffs assert "[t]hat the issue of 'statutory damages' was not considered proper matters for a fact finding hearing as it involves questions of law not of fact, and thus when the Court raised the question as to statutory damages in relation to the complaint, Counsel could only respond that this issue was for the District Court Judge to decide." This suggests that Plaintiffs are seeking an award of statutory damages, which is contrary to the Magistrate Judge's finding that during the November 28, 2006, evidentiary hearing, "Plaintiffs conceded that they were not seeking an award of statutory damages."

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## ANALYSIS

During the evidentiary hearing to prove up damages, the following colloquy took place:

> Q. Are there statutory damages that you believe the Court must award in the case?
>
> A. Well, I think it is up to the Court, your Honor. It is not a requirement that they do it, but we are trying to show the hardship in this situation, and the Court could consider, then, awarding part of that or all of the 50,000.

(Transcript at 27) Plaintiffs then made no attempt to argue or establish any entitlement to an award of statutory damages over and above the compensatory damages. The Magistrate Judge quite reasonably construed this failure as a concession that statutory damages were not justified in this case.

Plaintiffs cite Arnold v. United Parcel Service, Inc., 136 F.3d 854, 861 (1st Cir. 1998), for the proposition that in considering remedial statutes such as the Fair Housing Act, courts should "construe such statutes broadly so as to effectuate their intended purpose." (Objection to Report & Recommendation at 2) They then proceed to argue for an award of statutory damages as if there had been no concession by them during the evidentiary hearing, making only the obscure reference:

> The question as to "statutory damages" from the violation of these remedial statutes arose at the end of the proceedings where Counsel was asked by the court to present the statutory damages issues. As this was a prove up of damages proceeding, Counsel was presenting the case so as to prove the actual injury necessary for a compensatory damages award, under Carey v. Piphus, 435 U.S. 247, 266.

(Objection to Report & Recommendation at 3) However, there is nothing in the docket that remotely supports Plaintiffs' overly narrow characterization of the purpose of the hearing.

The purpose was clearly for Plaintiffs to prove up any and all damages to which they claimed an entitlement.  That they utterly failed to do so with respect to any claim for statutory damages is equally clear.

Plaintiffs attempt to correct their error in their objection to the Report & Recommendation.  However, they have done too little, too late, offering nothing more than bald summarizations of the statutory damages provisions of the various statutes without making any attempt to apply the requirements of the statutes to the facts of the case.  Nor do they otherwise attempt to establish that there were actionable violations of the statutes, which is a necessary prerequisite to seeking an award of statutory damages.[1]  On the record before the Court, Plaintiffs have demonstrated no error of law or fact in the findings set forth in the Report & Recommendation.  The losses proven by the Plaintiffs are fully and fairly compensated by the recommended damages award, and reconsideration of the claim for statutory damages is not warranted.

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#12] of the Magistrate Judge in its entirety.  Accordingly, the Motion for Default Judgment [#9] is GRANTED IN PART and DENIED IN PART, and Plaintiffs' Objection to the Report & Recommendation [#13] is DENIED.  The Clerk is directed to enter judgment in favor of Plaintiffs and against Defendant, and Plaintiffs shall be awarded pecuniary damages in the amount of $6,179.00 and compensatory, non-pecuniary

---

[1] Parenthetically, the Court has serious doubts that a violation of the Consumer Fraud and Unfair and Deceptive Business Practices Act or § 1983 could be established on the facts pled in the Complaint, and it is unclear whether any right to statutory damages under the Fair Housing Act even exists.

damages for emotional distress in the amount of $3,000.00.  This matter is now TERMINATED.

ENTERED this 18th day of January, 2007.


                                s/ Michael M. Mihm
                                Michael M. Mihm
                                United States District Judge